**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 20 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MIGUEL ANGEL QUINTANA-PAYAN, | No. 20-72569 |
| Petitioner, | Agency No. A206-402-793 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 18, 2022
Submission Withdrawn July 8, 2022
Resubmitted June 20, 2023
Pasadena, California

Before: KLEINFELD, MILLER, and COLLINS, Circuit Judges.

Miguel Angel Quintana-Payan, a citizen of Mexico, petitions for review of

the decision of the Board of Immigration Appeals ("BIA") affirming the order of

the Immigration Judge ("IJ") denying his applications for cancellation of removal,

withholding of removal, and relief under the Convention Against Torture. We

have jurisdiction under § 242 of the Immigration and Nationality Act ("INA"),

---

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

8 U.S.C. § 1252, and § 2242(d) of the Foreign Affairs Reform and Restructuring Act, 8 U.S.C. § 1231 note. *See Nasrallah v. Barr*, 140 S. Ct. 1683, 1690–91 (2020). We deny the petition.

1. Our jurisdiction to review the BIA's denial of cancellation of removal is limited to "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D); *see also id*. § 1252(a)(2)(B)(i); *Patel v. Garland*, 142 S. Ct. 1614, 1622–27 (2022). Quintana-Payan argues that the agency committed legal error by failing to consider the severity of his wife's health problems and the impact that would have on her ability to care for their children if the family accompanied him to Mexico. But as the BIA correctly noted, the IJ's decision explicitly stated that he "considered her medical issues as part of the aggregate hardship consideration." Quintana-Payan's complaint is therefore not that the agency failed to consider this factor at all, but rather that the agency did not give it the weight he thinks it should have. We lack jurisdiction to review that issue. *See Patel*, 142 S. Ct. at 1622–25; *Safaryan v. Barr*, 975 F.3d 976, 989 (9th Cir. 2020).

2. The BIA correctly held that Quintana-Payan's proposed social group of "returnees to Mexico from the United States" is not cognizable and that his claim for withholding of removal on that ground therefore failed. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010). Quintana-Payan argues that *Delgado-Ortiz* is no longer good law on this point, but that is wrong. *See Barbosa*

2

*v. Barr*, 926 F.3d 1053, 1059–60 (9th Cir. 2019). Nor has Quintana-Payan overcome the presumption that the BIA reviewed the evidence in his case. *See Larita-Martinez v. INS*, 220 F.3d 1092, 1095 (9th Cir. 2000). In explaining that Quintana-Payan's proposed group was not cognizable because it is too broad, the BIA quoted authority focusing on whether a petitioner had "supported [his or her] proposed social group . . . with evidence that supports a favorable determination" under the applicable standards. *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016). The agency properly concluded that Quintana-Payan's evidence did not warrant a determination that his proposed social group was cognizable.

3. The BIA did not engage in de novo factfinding in rejecting Quintana-Payan's claim for withholding of removal based upon his alleged anti-gang political opinion. The BIA properly construed the IJ's decision as reflecting a determination that Quintana-Payan's claim ultimately rested, not on any nexus to a political opinion, but on a generalized fear of gang violence that lacked a nexus to a protected ground. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 746–47 (9th Cir. 2008) (explaining an alien's burden with respect to a claim that an alien's opposition to gangs gives rise to a well-founded fear of future persecution on account of political opinion), *overruled on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc). The IJ's terse statements about *Santos-Lemos*'s analysis of claims of anti-gang political opinion must be read in

the context of the IJ's decision as a whole, including the immediately ensuing discussion about fears of generalized violence that lack a nexus to a protected ground.

Substantial evidence supports the agency's determination that the harms Quintana-Payan fears lack the requisite nexus to a protected ground. As the IJ noted, Quintana-Payan's fears were based on general conditions in Mexico and on various unrelated crimes against different family members. On this record, the agency properly rejected Quintana-Payan's claim for withholding of removal. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

4. Substantial evidence supports the agency's determination that Quintana-Payan failed to establish that he would more likely than not be tortured with the acquiescence of Mexican officials. *See Ruiz-Colmenares v. Garland*, 25 F.4th 742, 751–52 (9th Cir. 2022) (upholding denial of Torture Convention relief where alien failed to establish a particularized risk of torture); *Delgado-Ortiz*, 600 F.3d at 1152 (9th Cir. 2010) (same).

5. Quintana-Payan contends that, because his Notice to Appear lacked a date and place for his initial hearing, the immigration court lacked jurisdiction. This argument is foreclosed by *United States v. Bastide-Hernandez*, 39 F.4th 1187,

1188, 1191 (9th Cir. 2022) (en banc).

The petition for review is **DENIED.**